**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney's Office** | : | |
| **Judiciary Center Building** | : | |
| **555 4th Street, N.W.** | : | |
| **Washington, DC 20530,** | : | **Civil Action No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 2004 GOLD CADILLAC DEVILLE** | : | |
| **VIN #: 1G6KD54Y24U101617,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

*COMES NOW*, plaintiff United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, to bring this verified complaint in a civil

action *in rem* seeking to condemn and forfeit the defendant property to the use and benefit of

plaintiff, as authorized under Title 21, United States, Code, Section 881(a)(4). In support of this

cause, as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, plaintiff states the basis for its complaint as follows:

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

1.     This is a civil action, *in rem,* brought to enforce the provisions of:  (1) 21 U.S.C.

§ 881(a)(4), which provides for the forfeiture of any conveyance used, or is intended for use, to

transport or facilitate the transportation, sale, receipt, possession or concealment of controlled

substances, in violation of Title II of Pub.L. 91-513, popularly known as the Controlled

Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*; (2) 21 U.S.C. § 881(a)(6),

which provides for the forfeiture of proceeds traceable to the exchange of controlled substances, in violation of 21 U.S.C. § 801 et seq.; and (3) 18 U.S.C. § 981(a), which provides for the forfeiture of property involved in a violation of the anti-money-laundering provisions of 18 U.S.C. §§ 1956 and/or 1957.

2.      The defendant property is an automobile, described as a gold, four-door 2004 Cadillac Deville sedan, with Vehicle Identification Number (VIN): 1G6KD54Y24U101617. When seized after the arrest of its driver in the District of Columbia on April 9, 2007, the automobile bore a Maryland temporary license plate, 753-06Y.  At the time of the filing this complaint, the defendant property is in the custody of United States Park Police in the District of Columbia.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, and the Federal Rules of Civil Procedure, in particular, Rule G of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

5.      On Monday, April 9, 2007, at about 11:30 p.m., a sworn officer of the United States Park Police ("USPP") stopped the defendant automobile, which Melvin Drumgoole, III, was driving near Pomeroy & Howard Roads, S.E., Washington, D.C.

6.      At the time of this traffic stop, a police officer detected an odor of marijuana coming from the defendant automobile and there was green leafy material which exhibited characteristics of marijuana on the defendant automobile's passenger-side floorboard.

7.      Mr. Drumgoole was searched and a police officer seized a clear ziplock bag containing marijuana from a pocket of a jacket Mr. Drumgoole was wearing while driving the defendant automobile.

8.      At the time of the traffic stop, recovered from underneath the defendant automobile's driver's seat was a clear bag which contained twelve smaller bags, each of which had in it a rock of crack cocaine base.

9.      Police arrested Mr. Drumgoole and later searched him at a police station.  Police seized about $794 in cash from Mr. Drumgoole's possession.

10.     A police officer seized a clear bag containing crack cocaine base from one of the socks Mr. Drumgoole was wearing when driving the defendant automobile.

11.     The crack cocaine base in the defendant automobile and in Mr. Drumgoole's sock weighed about 31 grams.

12.     The marijuana in the defendant automobile and in Mr. Drumgoole's jacket on April 9, 2007, weighed about 3 grams.

13.    On the night of his arrest, Mr. Drumgoole said that the defendant automobile was in his brother's girlfriend's name, because Mr. Drumgoole was getting his license straight, but it was his car, which he had had since the 16th (of March).

14.    After his arrest, Mr. Drumgoole said that he had smoked marijuana ten minutes before being stopped and arrested.

15.    Police seized the defendant property when arresting Mr. Drumgoole on April 9, 2007.

16.    On April 9, 2007, the defendant automobile was registered in the name of Ms. Tiffany Craggette.

17.    On April 9, 2007, Ms. Craggette told a police officer that she had purchased the defendant automobile in mid-March 2007, by making a down payment of $3,000 and had paid the balance of the purchase price, that is $15,000, in April.

18.    Ms. Craggette said that Mr. Drumgoole had the defendant automobile since about 8:00 a.m. on April 9, 2007, and that Mr. Drumgoole "drove the car a lot."

19.    Law enforcement later learned that Ms. Craggette bought the defendant automobile on March 17, 2007, from an automobile dealership known as "Pohanka Isuzu," and the defendant automobile's price was paid in full on the date of purchase.  The defendant property's purchaser did not present a "trade-in" car as part of the agreement to buy the vehicle.

20.    In the years 2006 and 2007, Mr. Drumgoole had no known earnings from lawful employment.

21.    In 2005, Mr. Drumgoole had known earnings from lawful employment of not more than $600.

22.     In 2004, Mr. Drumgoole had no known earnings from lawful employment.

23.     In 2003, Mr. Drumgoole had known earnings from lawful employment of not more than $7,400.

24.     In 2005, Ms. Craggette had known earnings from lawful employment of not more than $5,300.

25.     In 2006, Ms. Craggette had known earnings from lawful employment of not more than $500.

26.     Following the defendant automobile's seizure after Mr. Drumgoole's arrest, USPP officers referred the matter to the Federal Bureau of Investigation ("FBI") to commence the procedures for the defendant automobile's forfeiture by an administrative, non-judicial process. After this, the FBI began the process for administrative forfeiture of the defendant vehicle.

27.     On or about July 3, 2003, the FBI received a claim of ownership of the defendant property from Tiffany Craggette.

28.     After receiving Ms. Craggette's claim to the defendant property, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

29.     In asking the FBI to return to her the defendant automobile, Ms. Craggette said that Mr. Drumgoole had never borrowed the defendant property before his arrest on April 9, 2007, and that she had loaned the vehicle to him the day of the seizure so that Mr. Drumgoole could pick up his daughter in Baltimore.

## COUNT ONE

30.     The factual statements made in paragraphs 1 through 29 are re-alleged and

incorporated by reference herein.

31.    In light of the above-described events, there is reason to believe that the defendant

property, a gold, 2004 Cadillac Deville sedan, VIN 1G6KD54Y24U101617, is a conveyance and

vehicle, which was used, or was intended for use, to transport in any manner, or in any manner to

facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in

violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act, and is therefore subject

to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

<h3 align="center">COUNT II</h3>

32.    All allegations contained in paragraphs 1 through 29 are re-alleged and

incorporated, herein, by reference.

33.    In light of the above-described events, there is reason to believe that the defendant

property was purchased with proceeds that were furnished in exchange for controlled substances,

or is traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C.

§ 881(a)(6).

<h3 align="center">COUNT III</h3>

34.    The allegations contained in paragraph numbers 1 through 29 are realleged and

incorporated, herein, by reference.

35.    The defendant vehicle is subject to forfeiture because it constitutes property

involved in "money laundering."  Specifically, purchase of the defendant vehicle involved a

"financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which

was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of

drug trafficking, a "specified unlawful activity," or a monetary transaction in property of a value

-6-

greater than $10,000 that was derived from "specified unlawful activity."

36.    In light of the above-described events, there is reason to believe that the defendant property was involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i) or 1957(a), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

/s/
WILLIAM R. COWDEN, D.C. Bar # 426301
Assistant United States Attorney

/s/
DIANE LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7912

-7-

## **VERIFICATION**

I, Special Agent Jennifer Heddleston, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ____ day of October, 2007.

                                                   _____

                                                 Jennifer Heddleston,
                                                 Special Agent
                                                 Federal Bureau of Investigation

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| United States of America | (VIN: 1G6KD54Y24U101617) |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ | One 2004 Gold Cadillac Deville |
| **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ |
| | **(IN U.S. PLAINTIFF CASES ONLY)** |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Diane G. Lucas, Asst. U.S. Attorney | |
| 555 Fourth Street, N.W. | |
| Washington, D.C.  20530 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ **A.** *Antitrust* | ☐ **B.** *Personal Injury/ Malpractice* | ☐ **C.** *Administrative Agency Review* | ☐ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ **E.** *General Civil (Other)*  OR  ☐ **F.** *Pro Se General Civil*

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☒ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ G. *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☒1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. Section 881(a)(4) drug related seizure & 18 U.S.C. Secions 1956/1957 (money laundering)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES     □ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) □ YES ☒NO | If yes, please complete related case form. |
|---|---|---|

| **DATE** 10/1/2007 | **SIGNATURE OF ATTORNEY OF RECORD** |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.