## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Civil Action No. 07-1753 (ESH)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 2004 GOLD CADILLAC DEVILLE** | : | |
| **VIN #: 1G6KD54Y24U101617,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## MOTION TO STRIKE CLAIM AND FOR ENTRY OF DEFAULT
## JUDGMENT AND FOR JUDGMENT OF FORFEITURE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves, pursuant to Rules G(8)(c)(i)(A) and (B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 983(a)(4)(B), to strike the claim filed by Tiffany Craggette. As discussed in the accompanying memorandum of points and authorities, Ms. Craggette lacks "statutory standing" to contest the forfeiture of the defendant vehicle because she failed to file a properly verified claim regarding the defendant vehicle, and she failed to file a timely answer in this matter. Thus, her claim should be stricken.

In addition, the United States moves pursuant to Fed. R. Civ. P. 55 for entry of a default judgment and for judgment of forfeiture as to the defendant vehicle. As discussed in the accompanying memorandum of points and authorities, no other party has filed a timely verified claim or answer in order to challenge the forfeiture of the defendant vehicle, and the time for filing a claim and answer has expired. Thus, the United States is entitled to default judgment. See 18 U.S.C. § 983(a)(4)(A), Supplemental Rule G(5) and Fed. R. Civ. P. 55(a) and (b).

A proposed Order and Judgment of Forfeiture for the defendant vehicle are submitted

herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion to Strike Claim and for
Default Judgment and for Judgment of Forfeiture, accompanying Memorandum, and Proposed
Order were sent by U.S. Postal Service, first class mail, to Ms. Tiffany Craggette, at a specific
address in the 2000 block of Ewing Avenue, Suitland, Maryland 20746 on this 4th day of
January, 2008.

_/s/_____
DIANE G. LUCAS
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Civil Action No. 07-1753 (ESH)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 2004 GOLD CADILLAC DEVILLE** | : | |
| **VIN #: 1G6KD54Y24U101617,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CLAIM AND FOR ENTRY OF DEFAULT JUDGMENT AND FOR JUDGMENT OF FORFEITURE

The United States moves to strike the claim of Tiffany Craggette ("Ms. Craggette") on the ground that she failed to meet the statutory prerequisites to contest the forfeiture of the defendant vehicle by failing to file a properly verified claim and failing to file a timely answer in this matter.  Because Ms. Craggette failed to meet the prerequisites to intervene, she lacks "statutory standing."  A claimant in a forfeiture action must have both statutory standing and Article III standing (case-or-controversy) to contest a civil forfeiture.  See United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007).  Regardless of whether Ms. Craggette has Article III standing  – or is a mere nominee – Ms. Craggette lacks statutory standing.  Accordingly, her claim should be stricken.

To obtain statutory standing, Ms. Craggette had to meet the procedural requirements set forth in Rule G, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and 18 U.S.C. § 983(a)(4)(B).  Those rules require her to file a timely verified claim to the defendant vehicle, and thereafter, to file a timely answer

to the government's complaint for forfeiture. Ms. Craggette did neither. Without both, she lacks statutory standing to contest the forfeiture.[1]

No other party has filed a timely verified claim and answer challenging the forfeiture of the defendant vehicle and the time for filing a claim has expired. See 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule G(8)(c). Therefore, the United States is entitled to entry of default and judgment by default pursuant to Fed. R. Civ. P. 55(a) and (b).

For the reasons set forth below, the United States' motion should be granted.

## BACKGROUND

On Monday, April 9, 2007, at about 11:30 p.m., a sworn officer of the United States Park Police ("USPP") stopped the defendant vehicle, which Melvin Drumgoole, III, was driving near Pomeroy & Howard Roads, S.E., Washington, D.C. See Document No. 1 at ¶ 5.[2] At the time of this traffic stop, a police officer detected an odor of marijuana coming from the defendant automobile and saw green leafy material that exhibited characteristics of marijuana on the defendant automobile's passenger-side floorboard. Id. at ¶ 6. Mr. Drumgoole was searched and a police officer seized a clear ziplock bag containing marijuana from Mr. Drumgoole's jacket and a clear bag containing crack cocaine from one of his socks. Id. at ¶¶ 7 and 10.

During a search of the defendant vehicle, from underneath the driver's seat, officers

---

[1] All references in this case are to Supplemental Rule G, rather than the procedural rule (Supplemental Rule C) that previously governed civil forfeiture. Supplemental Rule G went into effect in December 2006. Supplemental Rule C's requirements for filing a timely verified claim and answer in a forfeiture action were substantially similar to the new Supplemental Rule G requirements. Consequently, case law discussing the procedural requirements of Supplemental Rule C remains instructive when analyzing cases brought under Supplemental Rule G.

[2] "Document No." refers to the number assigned to the electronically-filed documents in the instant matter.

2

recovered a clear bag that contained twelve smaller bags, each of which had in it a rock of crack cocaine base.[3] Id. at ¶ 8.  Police arrested Mr. Drumgoole and found $794 in cash on him.  Id. at ¶ 9.

On the night of his arrest, Mr. Drumgoole said that the defendant vehicle was his car.  He said that he had it since March 16th.  He said the car was in his brother's girlfriend's name, because Mr. Drumgoole was getting his license straight.  Id. at ¶13.  Police seized the defendant vehicle when arresting Mr. Drumgoole on April 9, 2007.  Id. at ¶ 14.  At that time, the defendant vehicle was registered in the name of Tiffany Craggette.  Id. at ¶ 16.  On April 9, 2007, Ms. Craggette told a police officer that she had purchased the defendant automobile in mid-March 2007, by making a down payment of $3,000 and paying off the balance of the purchase price, that is $15,000, in April.  Id. at ¶ 17.  Ms. Craggette said that Mr. Drumgoole had the defendant automobile since about 8:00 a.m. on April 9, 2007, and that Mr. Drumgoole "drove the car a lot." Id. at ¶ 18.

Law enforcement later learned that the defendant vehicle was purchased on March 17, 2007, from an automobile dealership known as "Pohanka Isuzu."  The defendant vehicle's price was paid in full on the date of purchase.  Id. at 19.  Neither Mr. Drumgoole, nor Ms. Craggette, appear to have earned sufficient legitimate income to purchase the defendant vehicle.  Id. at ¶¶ 20-25.

On October 1, 2007, the United States filed the instant forfeiture action against the defendant vehicle, and the Court issued a warrant for arrest in rem for the defendant vehicle.  See

---

[3] The crack cocaine base in the defendant automobile and in Mr. Drumgoole's sock weighed approximately 31 grams.  Id. at ¶ 11.

Documents No. 1-2.  On November 2, 2007, the defendant vehicle was served.  <u>See</u> Exhibit A.

On October 2, 2007, the United States attempted to serve notice of the pending forfeiture case on

the known interested parties (Ms. Craggette and Mr. Drumgoole) by certified mail.  Ms.

Craggette received the notice of the forfeiture action.  <u>See</u> Exhibit B.  Ms. Craggette filed an

unverified claim in the United States District Court for the District of Columbia on November 5,

2007.[4]  <u>See</u> Document No. 3.  Pursuant to Supplemental Rule G(5)(b), Ms. Craggette's answer to

the complaint was due on November 25, 2007.  To date, Ms. Craggette has not filed an answer to

the complaint.  Mr. Drumgoole's notices were returned to the United States Attorney's Office.[5]

<u>See</u> Exhibit C.

Plaintiff published notice of this proceeding against the defendant vehicle in THE

WASHINGTON TIMES on November 15, 22, and 29, 2007.  <u>See</u> Exhibit D.  Those notices stated, in

pertinent part, that,

> Any person who is entitled to possession, or claiming an interest in or to said
> property, pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty
> and Maritime Claims and within 30 days after the earlier of (1) receiving actual
> notice of execution of process, or (2) the publication of this notice, must file a
> verified claim with the Clerk of the Court, U.S. District Court for the District of
> Columbia and make service upon the attorney for the plaintiff and must serve their

---

[4]  Although Ms. Craggette's signature was notarized, her substantive claim was unsworn
and not submitted under the penalty of perjury.

[5]  The government sent four notices to Mr. Drumgoole at two different addresses.
Consistent with Supplemental Rule G(4)(b)(D), notice was sent to the address that Mr.
Drumgoole provided law enforcement at the time of his arrest.  A record check revealed that Mr.
Drumgoole did not appear to be incarcerated at the time the notices were sent (October 2 and 9,
2007).  The government is not required to show that Mr. Drumgoole actually received direct
notice, only that "the notice must be sent by means reasonably calculated to reach the potential
claimant."  <u>See</u> Supplemental Rule G(4)(b)(iii)(A).  In any case, because the defendant property
was seized for forfeiture from Mr. Drumgoole, he would be hard-pressed to establish that he
lacked actual notice of this forfeiture action.  <u>See</u> Supplemental Rule G(4)(b)(v).

answers within 20 days after the filing of their verified claims.

<u>See</u> Exhibit D.  As a result of the publications, any verified claim (other than Ms. Craggette's claim, which was due on November 6, 2007) should have been filed with the Clerk of the Court by December 29, 2007.

<b><u>ARGUMENT</u></b>

**I.    Ms. Craggette Lacks Standing to Contest the Forfeiture of Defendant Vehicle Because She Failed to Comply with the Statutory Prerequisites Governing One's Right to Appear on Behalf of a Defendant in a Civil Forfeiture Case.**

Civil forfeiture is an *in rem* proceeding against particular defendant property.  But, although the property is the defendant in such cases, the defendant property cannot defend itself. Instead, those persons who have an interest in the defendant property must come forward to properly intervene in the *in rem* proceeding.  "Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest."  <u>United States v. All Funds in Accounts (Banco Espanol de Credito)</u>, 295 F.3d 23, 25 (D.C. Cir. 2002). "Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant.  Thus defenses against the forfeiture can be brought only by third parties, who must intervene."  <u>United States v. One-Sixth Share of James J. Bulger in [Lottery Proceeds]</u>, 326 F.3d 36, 40 (1st Cir. 2003).

Not everyone can properly intervene in order to defend a forfeiture action.  In order to defend a civil forfeiture action, a would-be intervenor must establish that he or she has a sufficient interest in the defendant property to challenge its forfeiture.  In short, a putative intervenor must establish that he or she has both statutory standing and Article III (case-or-controversy) standing.  <u>See</u> <u>$487,825.00 in U.S. Currency</u>, 484 F.3d at 664.  "The term 'statutory

5

standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 22-23 (2006).

Ms. Craggette, who needs both statutory standing and Article III standing to contest the forfeiture of the defendant vehicle, does not have statutory standing. (She may lack Article III standing, too, if the vehicle is not, in fact, hers.) Ms. Craggette lacks statutory standing because she failed to file a properly verified claim, and in any event, never filed an answer to the complaint.

"In order to have statutory standing, the claimant must show he has met the procedural pleading requirements of [18 U.S.C. ] § 983(a)(4) and Rule G(5), including, filing a timely verified claim and answer . . . " Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 25 (2006). The statutory prerequisites to intervening in a civil forfeiture action – filing of both a timely verified claim and a timely answer – serve two different purposes. The claim requires a claimant to swear to his or her interest in the defendant property under penalty of perjury, and the answer requires a claimant to admit or deny the averments in the complaint and state any defenses. Ms. Craggette failed to comply with either statutory prerequisite to her right to defend against the forfeiture. Thus, her claim should be stricken.

A.    <u>**Ms. Craggette's Claim Was Defective.**</u>

Without a verified claim, Ms. Craggette lacks standing to challenge the forfeiture–even if she had sought to answer and defend, which she did not.  Ms. Craggette did not swear under the penalty of perjury to the assertions set forth in her claim, which renders the claim defective and subject to being stricken.  Supplemental Rule G(5)(a), which sets forth the verified claim requirements, provides as follows:

(a) **Filing a Claim**.

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must be:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) **be signed by the claimant under penalty of perjury**; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supplemental Rule G(5)(a) (emphasis added).  A verified claim requires, "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." <u>United States v. Beechcraft Queen Airplane</u>, 789 F.2d 627, 630 (8th Cir.1986) (citations omitted).  "Verification forces the claimant to place himself at risk of perjury for false claims" and failure to verify the claim results in dismissal for lack of statutory standing.  <u>United States v. Commodity Account No. 54954930 at Saul Stone & Co.</u>, 219 F.3d 595, 597-598 (7th Cir. 2000).

The filing of a timely verified claim under Supplemental Rule (G)5 and 18 U.S.C. § 983

(a)(4)(A) is a jurisdictional prerequisite to a claimant's ability to contest a federal *in rem* forfeiture action. The prerequisite that a claimant file a timely verified claim "is no procedural technicality." $487,825 in U.S. Currency, 484 F.3d at 664-65 (citing United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)). The requirement that a claimant file a timely verified claim serves two purposes: it forces claimants to come forward as quickly as possible, and it minimizes the danger of false claims because the claims have been sworn to under the penalty of perjury. See $487,825 in U.S. Currency, 484 F.3d at 664-65.

The procedural rules are clear, without a timely verified claim, a would-be claimant lacks statutory standing to challenge a forfeiture. "A verified claim in a forfeiture *in rem* action must be filed by the claimant in order for the claimant to acquire 'statutory standing.' Therefore, a claimant wishing to defend all or part of a defendant vehicle in a civil forfeiture case must satisfy [the Supplemental Rules'] verified claim requirement." United States v. One 1990 Mercedes Benz, 926 F. Supp. 1, 3 (D.D.C. 1996) (citations omitted). In order for a claimant to have standing, "[g]enerally, strict compliance with the time periods of CAFRA and Rule C(6) is required." United States v. $41,437.00 in U.S. Currency, 242 F. Supp.2d 193, 195 (W.D.N.Y. 2002) (citing United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993)). The filing of a verified claim is a prerequisite to the filing of an answer, and confers standing on a claimant to contest a forfeiture. See United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir.1990). "If a putative claimant fails to file a verified claim or otherwise follow the provisions set forth in Supplemental Rule C(6), it is within the court's discretion to strike the deficient claim." United States v. Funds from Prudential Securities et al., 300 F. Supp.2d 99, 103 (D.D.C. 2004) (citing, One 1990

Mercedes Benz 300 CE, 926 F. Supp. at 4).[6]  The failure to file a timely claim, standing alone, is sufficient to disqualify a potential claimant.  See One-Sixth Share of James J. Bulger in [Lottery Proceeds], 326 F.3d at 41-42.  "In addition to the timing requirements of Supplemental Rule C(6), claims in a forfeiture proceeding must also be verified on oath or solemn affirmation.  Because there is a substantial danger of false claims in forfeiture proceedings, verification on oath or solemn affirmation is an essential element of a claim under Rule C(6)."  United States v. $138,381 in U.S. Currency, 240 F. Supp.2d 220, 228 (E.D.N.Y. 2003) (citations omitted).

Supplemental Rule G(5) (and before it Supplemental Rule C(6)) serve to spare judicial resources by allowing only those individuals who truly have an interest in a defendant property, and who are willing to swear to that interest, to intervene and contest a forfeiture.  In this case, regarding the defendant vehicle, Ms. Craggette purported to make a claim.  But, her claim was not made under oath subject to the penalty of perjury, and was, therefore, defective.  Because Ms. Craggette failed to fulfill the statutory prerequisite of filing a timely verified claim, she has no statutory standing to intervene in the forfeiture of the defendant vehicle.

**B.**     **Ms. Craggette's Failure To File An Answer to the Complaint Also Supports Striking Her Claim From This Case**.

Ms. Craggette did not file an answer in this matter, and her deadline for filing is more than a month past.  Supplemental Rules G(5)(a) and (b) require that a would-be intervenor first

---

[6] Courts have sometimes excused less than strict compliance for good cause shown.  See United States v. Real Property Located at Incline Village, et al., 976 F. Supp. 1321, 1325 (D. Nev., 1997) (citing, United States v. Borromeo, 945 F.2d 750 (4th Cir. 1991)); see also United States v. One 1978 Piper Navajo Aircraft,  748 F.2d 316, 318 (5th Cir. 1984); United States v. $83,686.00, 2007 WL 2238824 (D.D.C. July 9, 2007).  Regardless, Ms. Craggette has not requested an extension of time to file the required pleadings or shown good cause or "excusable neglect" for failing to file a timely verified claim and answer.

8

file a verified claim with the Clerk of the Court within 30 days of either service of the complaint or, if not served, within 30 days from the completed publication of notice. Then, the would-be intervenor must file an answer to the complaint within 20 days after filing the claim.[7] Fed. R. Civ. P. 8(b) provides the requirements for an answer. "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies . . . " Fed. R. Civ. P. 8(b).

Here, Ms. Craggette filed her unverified claim on November 5, 2007. <u>See</u> Document No. 3. She never filed an answer to the complaint. Pursuant to Supplemental Rule G(5)(b), Ms. Craggette's answer was due on November 25, 2007. Filing an answer is a second prerequisite to having statutory standing to intervene in an *in rem* forfeiture case. <u>See</u> <u>Commodity Account No. 54954930 at Saul Stone & Co.</u>, 219 F.3d at 597-598 (claimant who filed claim but waited two years to file answer lacked statutory standing to contest forfeiture); <u>$138,381 in U.S. Currency</u>, 240 F. Supp.2d at 228-229 (failure to file answer results in dismissal of claim); and <u>United States v. $1,437 in U.S. Currency</u>, 242 F. Supp.2d 193, 195-96 (W.D.N.Y. 2002) (default judgment granted where no claim filed and answer was untimely).

Ms. Craggette failed to file a timely answer to the complaint; therefore, she has no statutory standing to contest the forfeiture of the defendant vehicle and her claim should be stricken even if it had been properly submitted. Because Ms. Craggette failed to file a timely answer to the complaint, the United States is entitled to a default judgment pursuant to Fed. R.

---

[7] 18 U.S.C. § 983(a)(4)(A), which is part of the Civil Asset Forfeiture Reform Act ("CAFRA"), references the Supplemental Rules and similarly requires that a claimant file a claim no later than 30 days after service or publication and an answer within 20 days after filing the statement of interest.

Civ. P. 55(b).

## II.    <u>Plaintiff Is Entitled To Default Judgment</u>.

Because no other party has filed a claim or any other pleading seeking to challenge the forfeiture of the defendant vehicle, and because publication has concluded and the time for filing a claim has expired (<u>see</u> 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5)), the United States is entitled to default judgment pursuant to Fed. R. Civ. P. 55(a) and (b).  The entry of default and a judgment by default against the defendant vehicle is amply supported in the circumstances of this case.  Indeed, the Clerk of the Court "shall enter" the default where there has been a failure to plead timely or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. Rule 55(a).

On October 1, 2007, the plaintiff filed a verified complaint for forfeiture *in rem* against the defendant vehicle.  <u>See</u> Document No. 1.  Copies of the complaint and warrant of arrest *in rem* issued by the Clerk of the Court were served upon the defendant vehicle on November 2, 2007.  <u>See</u> Exhibit A.  Additionally, copies of the complaint and warrant of arrest *in rem* were sent on October 2, 2007 to all known interested parties, via the United States Postal Service, certified mail, including to Ms. Craggette and Mr. Drumgoole.  Ms. Craggette received the documents, but Mr. Drumgoole's notices were returned to the United States Attorney's Office. <u>See</u> Exhibits B and C.  Notice of the seizure and the pending forfeiture case was published in THE WASHINGTON TIMES on November 15, 22, 29, 2007.  <u>See</u> Exhibit D.  As a result of the publications, any verified claim should have been filed with the Clerk of the Court by December 29, 2007.

Except for Ms. Craggette's unsworn submission, no claim, response, answer, or other

"defense" was interposed in accordance with applicable rules.  No other party filed a claim or

other pleading seeking to challenge the forfeiture of the defendant vehicle and the time for filing

such pleadings has expired.  See 18 U.S.C. § 983(a)(4)(A); Supplemental Rule G(5).

Further, whenever a judgment is sought for other than a sum certain (e.g. judgment of

forfeiture), application for judgment by default shall be made to the Court and such Judgment

may be entered by the Court so long as the defaulted party is not an infant or otherwise

incompetent.  Fed. R. Civ. P. 55(b); DirectTV, Inc. v. Arnold, 392 F. Supp.2d 415 (N.D.N.Y.

2005).  See also Canady v. Erbe Elektromedizin GMBG, 307 F. Supp.2d 2 (D.D.C. 2004);

United States v. Gant, 268 F. Supp.2d 29 (D.D.C. 2003); $1,437 in U.S. Currency, 242 F.

Supp.2d 193.  Thus, the United States is entitled to default judgment in this forfeiture action.

## CONCLUSION

Ms. Craggette's claim must be dismissed because she lacks statutory standing to

intervene in this forfeiture action, having failed to file a properly verified claim and any answer

to the complaint.  No other person has sought to intervene, and the time to intervene has expired.

Thus, the United States is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(a) and (b).

In the context of this proceeding, that means, the United States is entitled to forfeiture of the

defendant vehicle.

WHEREFORE, for the forgoing reasons, the United States moves the Court to strike Ms.

Craggette's claim, to enter a default judgment in its favor, and to enter a final judgment of

forfeiture as to the defendant vehicle.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | 07-cv-01753 (ESH) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| One 2004 Gold Cadillac Deville, VIN: 1G6KD54Y24U101617 | Verified Complaint & Warrant for Arrest IN REM |

**SERVE → AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
One 2004 Gold Cadillac Deville, VIN: 1G6KD54Y24U101617

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Diane G. Lucas
Assistant U.S. Attorney
United States Attorney's Office for the
555 Fourth Stret, N.W.    District of Columbia
Washington D.C.  20530

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                 Fold

CATS ID #: 07-FBI-002811

| Signature of Attorney or other Originator requesting service on behalf of: | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (202) 514-7912 | DATE 10/16/07 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 16 | District to Serve No. 16 | Signature of Authorized USMS Deputy or Clerk | Date 10/17/07 |
|---|---|---|---|---|---|

I hereby certify and return that I ☑ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 11/1/7  Time 11:40  ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:

**NOTE**

| PRIOR EDITIONS MAY BE USED | 3.  NOTICE OF SERVICE | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Tiffany Craggette
██████ Ewing Avenue
Apt. # ████
Suitland, MD 20746

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Tiffany Crag*    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
*Tiffany Craggette*

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

OCT 2007

USPS

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7099 3400 0014 4239 0278

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Notice of FF1 - Tiffany Craggette
10.2.07

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recip
Ms. Tiffany Craggette
Street   ██████ Ewing Avenue
City, S
Apt. # ████
Suitland, MD 20746

Instructions

7099 3400 0014 4239 0278



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 2, 2007

Ms. Tiffany Craggette
█████ Ewing Avenue
Apt. # ████
Suitland, MD 20746

**Re: NOTICE OF FORFEITURE ACTION**

To Ms. Craggette:

The United States Attorney's Office for the District of Columbia filed a Verified
Complaint for Forfeiture *In Rem* on October 1, 2007 against the property One 2004 Gold
Cadillac Deville, VIN: 1G6KD54Y24U101617. Attached you will find the Complaint as well as
a Notice of Forfeiture Action.

If you should have any questions, please contact Taryn S. McLaughlin, Paralegal
Specialist, at (202) 514-8007.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____

DIANE G. LUCAS
Assistant United States Attorney
Criminal Division
555 4th Street, N.W.
Washington, DC 20530

Enclosures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  07-01753 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| One 2004 GOLD CADILLAC DEVILLE | ) | |
| VIN: 1G6KD54Y24U101617, | ) | |
| | ) | |
| _____ Defendant. _____ | ) | |

### NOTICE OF FORFEITURE ACTION

On October 1, 2007, the United States Attorney for the District of Columbia filed a Verified Complaint for Forfeiture in District Court against One 2004 Gold Cadillac Deville, VIN:1G6KD54Y24U101617, 21 U.S.C. § 881(a)(4) and 18 U.S.C. §§ 1956 and/or 1957.

Pursuant to 18 U.S.C.§ 983-985 and Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, direct notice of this action is being sent (or served, where the Defendant is Property, on Tiffany Craggette.  Such individual(s) who intend to assert an interest in the defendant property and contest the forfeiture must file a claim in the United States District Court, District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001 under case _U.S. v. One 2004 Gold Cadillac Deville, VIN:_1G6KD54Y24U101617, 07-CV-01753, **within 35 days** of sending or service of this notice, in accordance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.  Additionally, claimants must serve and file their answers to the complaint, or motions under Rule 12 of the Federal Rules of Civil Procedure, **within 20 days** after filing the claim.

Claims must comply with Supplemental Rule G(5)(a), and Claims and Answers are to be filed with the Clerk, United States District Court for the District of Columbia at the above address, with a copy thereof served on Assistant United States Attorney Barry Wiegand, U.S. Attorney's Office, 555 4th Street, NW, Room 4822, Washington, DC 20530.

DATED: October 2nd, 2007

JEFFREY A. TAYLOR
United States Attorney


BY:   DIANE G. LUCAS
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,　　　　　：
c/o United States Attorney's Office　　：
Judiciary Center Building　　　　　　：
555 4th Street, N.W.　　　　　　　　：
Washington, DC 20530,　　　　　　　：

　　　　　　　　　　　　　　　　　　：　　Case: 1:07-cv-01753
　　　　　　　　Plaintiff,　　　　　：　　Assigned To : Huvelle, Ellen S.
　　　　　　　　　　　　　　　　　　：　　Assign. Date : 10/1/2007
　　　　　　　　　　　　　　　　　　：　　Description: General Civil
　　　　　　v.　　　　　　　　　　　：

　　　　　　　　　　　　　　　　　　：
ONE 2004 GOLD CADILLAC DEVILLE ：
VIN #: 1G6KD54Y24U101617,　　　：
　　　　　　　　　　　　　　　　　　：
　　　　　　　　Defendant.　　　　　：
_____：

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, plaintiff United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, to bring this verified complaint in a civil

action *in rem* seeking to condemn and forfeit the defendant property to the use and benefit of

plaintiff, as authorized under Title 21, United States, Code, Section 881(a)(4).  In support of this

cause, as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, plaintiff states the basis for its complaint as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.　　　　This is a civil action, *in rem,* brought to enforce the provisions of:  (1) 21 U.S.C.

§ 881(a)(4), which provides for the forfeiture of any conveyance used, or is intended for use, to

transport or facilitate the transportation, sale, receipt, possession or concealment of controlled

substances, in violation of Title II of Pub.L. 91-513, popularly known as the Controlled

Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*; (2) 21 U.S.C. § 881(a)(6),

which provides for the forfeiture of proceeds traceable to the exchange of controlled substances,

in violation of 21 U.S.C. § 801 et seq.; and (3) 18 U.S.C. § 981(a), which provides for the

forfeiture of property involved in a violation of the anti-money-laundering provisions of 18

U.S.C. §§ 1956 and/or 1957.

      2.      The defendant property is an automobile, described as a gold, four-door 2004

Cadillac Deville sedan, with Vehicle Identification Number (VIN): 1G6KD54Y24U101617.

When seized after the arrest of its driver in the District of Columbia on April 9, 2007, the

automobile bore a Maryland temporary license plate, 753-06Y.  At the time of the filing this

complaint, the defendant property is in the custody of United States Park Police in the District of

Columbia.

## JURISDICTION AND VENUE

      3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. §

1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a),

because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.

Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture

action or proceeding brought in the district court for the district in which any of the acts or

omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil

proceeding for the forfeiture of property may be prosecuted in the district in which the property is

found.  The defendant property is now, and during the pendency of this action will be, in the

jurisdiction of this Court.

      4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §

983, and the Federal Rules of Civil Procedure, in particular, Rule G of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

5.    On Monday, April 9, 2007, at about 11:30 p.m., a sworn officer of the United

States Park Police ("USPP") stopped the defendant automobile, which Melvin Drumgoole, III,

was driving near Pomeroy & Howard Roads, S.E., Washington, D.C.

6.    At the time of this traffic stop, a police officer detected an odor of marijuana

coming from the defendant automobile and there was green leafy material which exhibited

characteristics of marijuana on the defendant automobile's passenger-side floorboard.

7.    Mr. Drumgoole was searched and a police officer seized a clear ziplock bag

containing marijuana from a pocket of a jacket Mr. Drumgoole was wearing while driving the

defendant automobile.

8.    At the time of the traffic stop, recovered from underneath the defendant

automobile's driver's seat was a clear bag which contained twelve smaller bags, each of which

had in it a rock of crack cocaine base.

9.    Police arrested Mr. Drumgoole and later searched him at a police station.  Police

seized about $794 in cash from Mr. Drumgoole's possession.

10.    A police officer seized a clear bag containing crack cocaine base from one of the

socks Mr. Drumgoole was wearing when driving the defendant automobile.

11.    The crack cocaine base in the defendant automobile and in Mr. Drumgoole's sock

weighed about 31 grams.

12.    The marijuana in the defendant automobile and in Mr. Drumgoole's jacket on

April 9, 2007, weighed about 3 grams.

-3-

13.     On the night of his arrest, Mr. Drumgoole said that the defendant automobile was in his brother's girlfriend's name, because Mr. Drumgoole was getting his license straight, but it was his car, which he had had since the 16th (of March).

14.     After his arrest, Mr. Drumgoole said that he had smoked marijuana ten minutes before being stopped and arrested.

15.     Police seized the defendant property when arresting Mr. Drumgoole on April 9, 2007.

16.     On April 9, 2007, the defendant automobile was registered in the name of Ms. Tiffany Craggette.

17.     On April 9, 2007, Ms. Craggette told a police officer that she had purchased the defendant automobile in mid-March 2007, by making a down payment of $3,000 and had paid the balance of the purchase price, that is $15,000, in April.

18.     Ms. Craggette said that Mr. Drumgoole had the defendant automobile since about 8:00 a.m. on April 9, 2007, and that Mr. Drumgoole "drove the car a lot."

19.     Law enforcement later learned that Ms. Craggette bought the defendant automobile on March 17, 2007, from an automobile dealership known as "Pohanka Isuzu," and the defendant automobile's price was paid in full on the date of purchase. The defendant property's purchaser did not present a "trade-in" car as part of the agreement to buy the vehicle.

20.     In the years 2006 and 2007, Mr. Drumgoole had no known earnings from lawful employment.

21.     In 2005, Mr. Drumgoole had known earnings from lawful employment of not more than $600.

-4-

22.     In 2004, Mr. Drumgoole had no known earnings from lawful employment.

23.     In 2003, Mr. Drumgoole had known earnings from lawful employment of not more than $7,400.

24.     In 2005, Ms. Craggette had known earnings from lawful employment of not more than $5,300.

25.     In 2006, Ms. Craggette had known earnings from lawful employment of not more than $500.

26.     Following the defendant automobile's seizure after Mr. Drumgoole's arrest, USPP officers referred the matter to the Federal Bureau of Investigation ("FBI") to commence the procedures for the defendant automobile's forfeiture by an administrative, non-judicial process. After this, the FBI began the process for administrative forfeiture of the defendant vehicle.

27.     On or about July 3, 2003, the FBI received a claim of ownership of the defendant property from Tiffany Craggette.

28.     After receiving Ms. Craggette's claim to the defendant property, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

29.     In asking the FBI to return to her the defendant automobile, Ms. Craggette said that Mr. Drumgoole had never borrowed the defendant property before his arrest on April 9, 2007, and that she had loaned the vehicle to him the day of the seizure so that Mr. Drumgoole could pick up his daughter in Baltimore.

## COUNT ONE

30.     The factual statements made in paragraphs 1 through 29 are re-alleged and

-5-

incorporated by reference herein.

31.    In light of the above-described events, there is reason to believe that the defendant property, a gold, 2004 Cadillac Deville sedan, VIN 1G6KD54Y24U101617, is a conveyance and vehicle, which was used, or was intended for use, to transport in any manner, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT II

32.    All allegations contained in paragraphs 1 through 29 are re-alleged and incorporated, herein, by reference.

33.    In light of the above-described events, there is reason to believe that the defendant property was purchased with proceeds that were furnished in exchange for controlled substances, or is traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## COUNT III

34.    The allegations contained in paragraph numbers 1 through 29 are realleged and incorporated, herein, by reference.

35.    The defendant vehicle is subject to forfeiture because it constitutes property involved in "money laundering." Specifically, purchase of the defendant vehicle involved a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, a "specified unlawful activity," or a monetary transaction in property of a value

-6-

greater than $10,000 that was derived from "specified unlawful activity."

36.    In light of the above-described events, there is reason to believe that the defendant property was involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i) or 1957(a), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

/s/

WILLIAM R. COWDEN, D.C. Bar # 426301
Assistant United States Attorney

/s/

DIANE LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7912

## VERIFICATION

I, Special Agent Jennifer Heddleston, a Special Agent with the Federal Bureau of

Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing

Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or

furnished to me by law enforcement agents and that everything represented herein is true and

correct to the best of my knowledge and belief.


Executed on this 1st day of October, 2007.

Jennifer Heddleston,
Special Agent
Federal Bureau of Investigation

-8-







**CERTIFIED MAIL**

artment of Justice

ates Attorney
f Columbia
enter
et, N.W.
.D.C. 20001
McLaughlin
ness
vate Use $300

MSC: **555 4TH ST**
RTE: **BULK2**
USAO/JCB

7099 3400 0014 4239 0254

016H1660'053
$05.380
10/02/2007
iled From 20001
® POSTAGE







Mr. Melvin Drumgoo:
Madison St. N
Washington D.C., 20
No Such Number
No Such Office In State



FROM: USPS
CARR: 
TRK#: 70953400014423390254
RCVD: 10/16/2007

TO: USAO/JCB
PH:        FLR:
BDG:
RM:
PCS: 1

ED
2007
OOM

---

**CERTIFIED MAIL**

ment of Justice

Attorney
lumbia
W.
20001

se $300

7099 3400 0014 4239 0261

X-RAYED

NOV 2 3 2007

DOJ MAILROOM
BY:
TIME:

016H1660'053
$05.380
10/02/2007
US POSTAGE

Mr. Melvin D

, D.C., 20003



NIXIE

2518 1     04 11/12/07

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
RETURN TO SENDER

20003+4129 C02i



CERTIFIED MAIL

7099 3400 0014 4239 0209

Department of Justice

tates Attorney
of Columbia
enter
eet, N.W.
, D.C. 20001

ness
Private Use $300

Mr. M...

...shington, D.C., 20003

X-RAYED

NOV 23 2007

NIXIE

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
RETURN TO SENDER

2000334129 C02

CERTIFIED MAIL

7099 3400 0014 4239 0193

Department of Justice

tates Attorney
of Columbia
enter
eet, N.W.
, D.C. 20001

ness
ivate Use $300

Mr. Melvin Drum...ole, III





FROM: USPS
CARR: USPS
TRK#: 70993400001442390193
RCVD: 11/9/2007

TO: USRO/JCB
PH:
BDG:
RM:
PCS: 1

FLR:

RTE: BULK2    MSC: 555 4TH ST    USRO/JCB

# AFFIDAVIT OF PUBLICATION

**AD# 10173723**

District of Columbia, ss,
Personally appeared before me, FAITH H. ALLBRITTON,
a Notary Public in and for the District of Columbia,

CARL S. JOHNSON, who is being duly sworn according to law, an oath says that he is
an AUTHORIZED AGENT of THE WASHINGTON TIMES, L.L.C., publisher of

# The Washington Times

Circulated daily, in the City of Washington, District of Columbia,
and that the advertisement, of which the annexed is a true copy was
published in said newspaper 3 time(s) on the following dates:

2007 NOVEMBER 15, 22 & 29

at the rate of $ 1.82 per line

Total Cost $ 558.72 Dollars

Subscribed and sworn to before me

NOVEMBER 29, 2007

Notary Public *Faith H. Allbritton*

Faith H. Allbritton
Notary Public, District of Columbia
My Commission Expires 6-14-2010

My Commission expires _____

NOTICE IS HEREBY GIVEN that by virtue of a Warrant for Arrest in Rem, issued by the U.S. District Court for the District of Columbia, in an action entitled United States v. ONE 2004 Gold Cadillac Deville, VIN: 1G6KD54Y24U101617, the United States Marshal's Service arrested on November 2, 2007, one 2004 Gold Cadillac Deville, VIN: 1G6KD54Y24U101617, property described above in the Civil Action #07-cv-01753 (ESH) and filed on October 1, 2007, with the Clerk of the Court for the District of Columbia for violations of 21 U.S.C. § 881(a)(4) and which action requests that said property be seized for condemnation and confiscation and requests such costs and disbursements as decreed by the Court. Any person who is entitled to possession, or claiming an interest in or to said property, pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and within 30 days after the earlier of the (1) receiving actual notice for the execution of process, or (2) the publication of this notice, must file a verified claim with the Clerk of the Court, U.S. District Court for the District of Columbia and make service upon the attorney of the plaintiff and must serve their answers within 20 days after the filing of their verified claims. All interested persons should file claims and answers within the time so fixed, or be defaulted and said property be condemned and forfeited to the use of the United States of America. Diane G. Lucas, Assistant United States Attorney, 555 Fourth Street, N.W., Washington D.C., 20530.

Ad# 10173723

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Civil Action No. 07-1753 (ESH)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 2004 GOLD CADILLAC DEVILLE** | : | |
| **VIN #: 1G6KD54Y24U101617,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On October 1, 2007, the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant vehicle.  In the Complaint, the United States alleged that the defendant vehicle was forfeitable because it:  1) was a conveyance used, or is intended for use, to transport or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of the Controlled Substances Act; 2) constituted or was derived from proceeds traceable to the exchange of controlled substances, in violation of 21 U.S.C. § 801 *et. seq.*; and 3) was property involved in money laundering, in violation of 18 U.S.C. § 1956 and/or 1957. Therefore, the defendant vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) or 18 U.S.C. § 981(a).

It appearing that process was fully issued in this action with respect to the defendant vehicle according to law;

That pursuant to a Warrant of Arrest *In Rem* issued by this Court, the United States Marshal for the District served the said defendant vehicle on November 2, 2007;

That Ms. Tiffany Craggette did not file a properly verified claim and answer within the

time permitted by 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Certain

Admiralty or Maritime Claims and Asset Forfeiture Actions, and, therefore, she lacks statutory

standing to challenge the forfeiture of the defendant vehicle;

That no other person or entity has filed a timely verified claim and answer challenging the

forfeiture of the defendant vehicle, and the time for filing claims has expired;

That the Verified Complaint supports the requested forfeiture; and

That no defense to the forfeiture remains interposed.

Now, therefore, on motion of the plaintiff, the United States of America, to strike the

claim of Ms. Tiffany Craggette, for entry of a Default Judgment and Judgment of Forfeiture

against the *in rem* defendant vehicle, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Claim filed by Ms. Tiffany

Craggette on November 5, 2007 is hereby stricken;

**IT IS FURTHER ORDERED** that the default of all persons interested in the *in rem*

defendant vehicle further identified as:

**ONE 2004 GOLD CADILLAC DEVILLE, VIN #: 1G6KD54Y24U101617**

be entered and that no right, title, or interest in the above described defendant vehicle shall exist

in any other party, and that the said defendant vehicle be and hereby is forfeited to the United

States of America to be disposed of in accordance with law.

2

The Clerk is hereby directed to send copies of this Judgment of Forfeiture to the below-listed persons and a certified copy to the United States Marshals Service.

Dated this _____ day of _____, 2008.

_____

ELLEN SEGAL HUVELLE
United States District Judge

cc:

Diane G. Lucas
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Ms. Tiffany Craggette, *Pro se*

3